25CA1881 Peo in Interest of Koons 12-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1881
Pueblo County District Court No. 25MH30085
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Derrick Koons,

Respondent-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE SULLIVAN
Welling and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 4, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County
Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1    Respondent, Derrick Koons, appeals a district court's order committing him to the custody of the Behavioral Health Administration (BHA) under section 27-81-112, C.R.S. 2025.  We affirm.

## I.    Background

¶ 2    Koons' mother petitioned to have Koons committed to the custody of the BHA based on a substance use disorder, generally alleging that due to his persistent use of opioids and methamphetamine, Koons' behavior was increasingly erratic and dangerous to his family, his community, and himself.  As relevant here, Koons' mother alleged that Koons had recently (1) threatened to kill his nieces and to burn down the house where he lived with his parents; (2) set two fires in a nearby city park; and (3) failed to shower or change his clothes for several weeks in a row, causing sores and skin infections.

¶ 3    The petition included a detailed involuntary commitment application completed by Koons' mother and a certificate completed by Dr. Roderick O'Brien, Koons' treating physician at Centennial Peaks Hospital.  Finding the petition had merit, the district court appointed counsel for Koons and set the matter for an evidentiary

hearing.  The complete petition was admitted at the evidentiary hearing, where Dr. O'Brien, a BHA program manager, Koons' mother, and Koons testified.

¶ 4     Dr. O'Brien, an expert in clinical psychiatry, testified that Koons' long-term substance use had resulted in profound impairment meeting the statutory definition of "substance use disorder."  *See* § 27-81-102(13.8), C.R.S. 2025 ("'Substance use disorder' means a chronic relapsing brain disease, characterized by recurrent use of alcohol, drugs, or both, causing clinically significant impairment, including health problems, disability, and failure to meet major responsibilities at work, school, or home.")  He also opined that Koons was incapacitated by drugs, as defined by section 27-81-102(9.2).  The BHA program manager, an expert in substance use treatment, agreed that Koons met the American Society of Addiction Medicine diagnostic criteria for substance use disorder and that Koons was incapacitated by drugs as defined by statute.  Koons' mother's involuntary commitment application and testimony provided specific examples in support of these expert opinions.

¶ 5    Koons denied that he had a drug problem, that he posed a threat to himself or others, and that he would continue to neglect his hygiene if released. Still, he admitted that he used drugs almost every day and intended to continue his drug use.

¶ 6    The district court found that the People had presented clear and convincing evidence that Koons has a substance use disorder and was incapacitated by substance use. Accordingly, the court ordered Koons to be involuntarily committed to the BHA's custody for ninety days of inpatient substance abuse treatment unless discharged sooner based on BHA-approved clinical progress.

## II.    Discussion

¶ 7    Koons challenges the sufficiency of the evidence supporting the order. Specifically, he contends that insufficient evidence supported the district court's finding that he was incapacitated by drugs. We conclude that ample evidence supported the court's finding.

### A.    Standard of Review and Applicable Law

¶ 8    When a party challenges the sufficiency of the evidence, we review the record as a whole and, viewing it in the light most favorable to the People, determine whether the evidence is sufficient

to support the district court's decision. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23. We review the district court's conclusions of law de novo and defer to its findings of fact if they are supported by evidence in the record. *People v. Marquardt*, 2016 CO 4, ¶ 8. We also defer to the district court's resolution of evidentiary conflicts and its determinations of witness credibility, the weight of the evidence, and the inferences drawn from the evidence. *See People in Interest of R.C.*, 2019 COA 99M, ¶ 7.

¶ 9 Section 27-81-112(1) provides, in pertinent part, that a court may commit a person to the BHA's custody if it finds

> that the person has a substance use disorder and that the person has threatened or attempted to inflict or inflicted physical harm on the person's self or on another and that unless committed, the person is likely to inflict physical harm on the person's self or on another or that the person is incapacitated by substances.

Before entering a commitment order, the court must find that these grounds for involuntary treatment have been established by clear and convincing evidence. § 27-81-112(5); *People in Interest of N.G.*, 2025 COA 92, ¶ 8.

4

¶ 10    A person may be incapacitated by substances if they are incapacitated by either alcohol or drugs. § 27-81-102(9.4). As relevant here,

> "[i]ncapacitated by drugs" means that a person, as a result of the use of drugs, [1] is unconscious or has judgment otherwise so impaired that the person is incapable of realizing and making a rational decision with respect to the person's need for treatment, [2] is unable to take care of basic personal needs or safety, *or* [3] lacks sufficient understanding or capacity to make or communicate rational decisions concerning himself or herself.

§ 27-81-102(9.2) (emphasis added).

B.    The Record Supports That Koons Was Incapacitated By Drugs

¶ 11    In deciding that Koons was incapacitated by drugs, the district court found that all three of the People's witnesses — Dr. O'Brien, the BHA program manager, and Koons' mother — were credible. From their testimony, the court found that Koons was incapacitated by drugs based on multiple statutory bases. The court found that (1) Koons' judgment was so impaired that he was incapable of realizing and making a rational decision as to his need for treatment; (2) he was unable to care for his basic personal needs; and (3) he lacked sufficient understanding of his drug problem to

5

make or communicate rational decisions concerning his need for treatment. Koons contends that the People presented insufficient evidence to establish these findings. Like the district court, we perceive plentiful evidence that Koons was incapacitated by drugs.

¶ 12　　The district court heard from each of the People's witnesses that Koons had failed to care for his basic personal needs. Koons' mother expanded on the hygiene-related allegations in her petition, testifying that Koons not only refused to shower, wash his face, or change clothes — which, when eventually removed, would be "stiff from his body oils and perspiration" — but he also refused to remove his shoes or to care for his oral health. He had sores on his feet, had no teeth, and appeared to be homeless. The experts further opined that Koons was unable to function in the community, support himself financially, or meet his basic need for shelter. *See People v. Taylor*, 618 P.2d 1127, 1134 (Colo. 1980) (noting that basic personal needs include "food, shelter, clothing, and medical care"). We conclude that this evidence amply demonstrates that Koons was unable to take care of basic personal needs and sufficiently supports the court's decision that Koons was incapacitated by drugs.

¶ 13    Beyond Koons' inability to take care of his basic personal needs, the record provides substantial additional support for the district court's decision. Dr. O'Brien testified that Koons has a "startling lack of insight" into his substance use disorder and "profoundly impaired judgment as it pertains to the consequences of using [drugs]." According to both expert witnesses, Koons also lacks insight into his high-risk behaviors such as lighting fires and hitting golf balls into a populated park. Koons' mother testified that Koons didn't appreciate the safety concerns involved in these activities, explaining that he felt "relieved" to set the first fire in the park because it had been a stressful day. Koons himself testified that he "thought it was amusing" to set the fire.

¶ 14    This evidence, when viewed as a whole and in the light most favorable to the People, is more than sufficient to support the district court's finding by clear and convincing evidence that Koons was incapacitated by substances. Because the record supports the court's decision, we won't disturb it. To the extent Koons asks us to second-guess witness credibility or to reweigh certain evidence, we decline to do so. *See R.C.*, ¶ 7.

### III. Disposition

¶ 15    We affirm the order.

JUDGE WELLING and JUDGE GOMEZ concur.